UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS TABI,<br><br>               Plaintiff,<br><br>     v.<br><br>DEPUTY STEPHENSON, *et al.*,<br><br>               Defendants. | Case No. CV 21-9929-DMG (JC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the verified Civil Rights Complaint, all documents submitted by Plaintiff and Defendant Los Angeles County Sheriff's Deputy Michael Stephenson ("Stephenson") in connection with Defendant Stephenson's Motion for Summary Judgment or Partial Summary Judgment ("Motion"), the September 20, 2023 Amended/Superseding Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), Plaintiff's "Opposition" to such Report and Recommendation and supporting Declaration (collectively, "Objections"), and all of the other records herein. The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court agrees with, approves, accepts, and adopts the Report and Recommendation and overrules the Objections.

-1-

The Magistrate Judge recommends granting Defendant Stephenson's Motion and entering judgment in his favor. For the following reasons, Plaintiff's Objections do not warrant a change to the Magistrate Judge's findings or recommendation.

Plaintiff objects that the Report and Recommendation made five manifest misrepresentations of material facts. [Doc. # 55 at 9–14.] They are addressed in turn.

First, Plaintiff objects that his deposition was "essentially a false and fraudulent document" because, for example, he did not recognize the photographs of the Walmart store shown to him, and because Defendant's counsel misquoted Plaintiff's deposition and used it as "an instrument for deceit and fraud." *Id*. at 9–10. This objection is not relevant to a finding in the Report and Recommendation. To the extent that Plaintiff repeats the arguments he made in his motion for sanctions against Defendant's counsel, the Magistrate Judge, in denying the motion, explained why the arguments were not relevant to summary judgment. [Doc. # 61.] Specifically, the location of the Walmart was not material to an issue for summary judgment, and Defendant's counsel did not present false evidence. *Id*. at 2 n.2 and at 4.

Second, Plaintiff objects that he was subject to discrimination because he was treated differently from the other signature gathers who were similarly situated to him. [Doc. # 55 at 11.] This objection fails to address the Magistrate Judge's finding that Plaintiff was not similarly situated to the other signature gatherers because Plaintiff was the only one using a table and chair, thereby taking up more space and likely being more disruptive of pedestrian traffic. [Doc. # 49 at 23.]

Third, Plaintiff objects that the Report and Recommendation misrepresented the sequence of events on which his retaliation claim is based. [Doc. # 55 at 12.] Plaintiff alleges that, after he threatened to sue Defendant, he was "detained, arrested, and placed [] under criminal investigation." *Id*. But Plaintiff did not allege an arrest. Instead, Plaintiff testified that Defendant did not arrest Plaintiff, place him in handcuffs, or even touch him. [Doc. # 24-4 at 21–23.] Although it is undisputed that Defendant told Plaintiff to wait while Defendant performed a background check on Plaintiff [Doc. # 49 at 8], the Report

and Recommendation considered this fact and concluded that it was too weak to establish causation or a retaliatory animus, given that Defendant had probable cause to believe Plaintiff was trespassing (*id*. at 17, 20).

Fourth, Plaintiff objects that Defendant's counsel improperly suggested that Plaintiff has a history of falsely suing police officers for wrongdoing. [Doc. # 55 at 13.] This objection is not relevant to a finding in the Report and Recommendation, which did not consider Plaintiff's litigation history. [Doc. # 61 at 3 n.3.]

Fifth, Plaintiff objects that Defendant falsely claimed that Plaintiff drove away from the incident in a Mercedes. [Doc. # 55 at 14.] Because Plaintiff does not own a Mercedes, Plaintiff argues that it is possible Defendant was referring to a different incident. *Id*. This objection also is not relevant to a finding in the Report and Recommendation, which did not assess Defendant's credibility. Moreover, any dispute as to the type of vehicle Plaintiff left the scene in was not material for summary judgment purposes. [Doc. # 61 at 4.]

Plaintiff further objects that the Report and Recommendation made five manifest misinterpretations of the law. [Doc. # 55 at 14–24.] They are addressed in turn.

First, Plaintiff objects that he has stated a First Amendment claim under *Laguna Publishing Company v. Golden Rain Foundation of Laguna Hills*, 131 Cal. App. 3d 816 (1982), *disapproved on other grounds by Katzberg v. Regents of the University of California*, 29 Cal. 4th 300, 328 and n. 30 (2002). [Doc. # 55 at 15–17.] In *Laguna Publishing Company*, the California Court of Appeal held that the owners of a private gated retirement community violated a newspaper publisher's free speech and press rights under the California Constitution by enforcing a rule barring the distribution of unsolicited free newspapers within the community. *Laguna Publishing Company*, 131 Cal. App. 3d at 854–56. This decision, however, is inapplicable to Plaintiff's federal claim under 42 U.S.C. § 1983. *Id*. at 848 ("[I]t is an answer to plaintiff's claim of right to an opportunity to prove alleged damages under 42 United States Code section 1983 to observe that the discrimination which we hold was here practiced was solely with reference to the plaintiff's free-speech, free-press rights secured under the *California Constitution*.") (emphasis in

original).  As the Report concluded, Plaintiff did not raise a claim under the California Constitution.  [Doc. # 49 at 14 n.12.]  And even if he had, the entrance and apron area of the Walmart store would not have been a public forum under the California Constitution's free speech provision.  *Id*.

Second, Plaintiff objects that he raised a genuine issue of causation for his retaliation claim.  [Doc. # 55 at 18–19.]  Plaintiff objects that he was banned from a public place because he dared to speak out about filing a lawsuit against Defendant.  *Id*.  But as the Report and Recommendation found, Plaintiff's conclusory assertion of causation was insufficient to raise a genuine issue of material fact.  The assertion was "at most, weak evidence of retaliation" in comparison to the evidence that Defendant had probable cause to believe that Plaintiff was trespassing because he refused to leave when store security guards requested that he do so.  [Doc. # 49 at 20.]

Third, Plaintiff objects that he stated an equal protection claim by alleging he was racially profiled.  [Doc. # 55 at 19–20.]  As the Report found, however, such conclusory statements of bias do not carry Plaintiff's burden in opposing Defendant's Motion.  [Doc. # 49 at 22 and n.13.

Fourth, Plaintiff objects that he committed no crime that warranted a ban from the shopping center, which required judicial process and a Court Order.  [Doc. # 55 at 21–22.]  But Plaintiff did not raise this claim in his Complaint by challenging, on procedural grounds, a supposed ban from the shopping center.  Moreover, the Walmart shopping center is private property that has a right to exclude.  *See Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2072 (2021) ("[W]e have stated that the right to exclude is universally held to be a fundamental element of the property right, and is one of the most essential sticks in the bundle of rights that are commonly characterized as property.") (citations and internal quotation marks omitted).  And as the Report and Recommendation concluded, the general public does not have a First Amendment right to access private property for expression.  [Doc. # 49 at 12.]

Fifth, Plaintiff objects that he has presented substantial evidence to sustain his claims of violations of his free speech rights and retaliation. [Doc. # 55 at 23–24.] This objection does not dispel the findings in the Report and Recommendation that Plaintiff did not have a First Amendment right to register voters or circulate ballot measures on private shopping center property [Doc. # 49 at 12], and that Plaintiff did not establish a causal link between Defendant's adverse action and a retaliatory motive (*id*. at 18).

In sum, Plaintiff's objections are overruled. IT IS HEREBY ORDERED THAT: (1) the Motion for Summary Judgment [Doc. # 24] is granted in favor of Defendant Stephenson and against Plaintiff; (2) this action is dismissed without prejudice as against the "Several Unnamed Security Officers at the Walmart Supercenter" Defendants (who have not been served and have not appeared in this action); and (3) the Clerk shall enter Judgment accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Plaintiff and counsel for Defendant Stephenson.

**IT IS SO ORDERED.**

DATED: March 6, 2024

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE